## SUPREME COURT.

### CIRCUIT, N. Y., MARCH, 1825.

### CORAM BETTS, J.

### WHITING *against* STREET.

Where lands were sold under a decree of the court of chancery, on the 29th Jan. 1824, deed to be delivered, &c., in ten days. On the 1st Feb. 1825, the tenant paid the rent to his landlord, and on the 5th Feb. the purchaser paid the consideration and took a deed from the master, dated 29th Jan. 1824. Held, that the payment by the tenant was unauthorized, and he was bound to pay again to the purchaser.

THIS was an action for the use and occupation of certain premises in the city of New York. The plaintiff claimed the quarter's rent ending in February, 1824.

The following facts appeared in evidence: Brinckerhoff purchased the premises, in controversy, in 1822, subject to the plaintiff's mortgage, and hired them out to the defendant in May, 1823, for one year. The mortgage was foreclosed and the premises sold, under a decree of the court of chancery, on the 29th January, 1824, at public auction, at which sale the plaintiff became the purchaser. The terms of the sale were ten per cent., to be paid at the time of the sale, and the remainder in ten days, when the deed was to be delivered. The deposit money was not paid by the plaintiff, but on the 5th February, 1824, he paid the

Whiting v. Street.

whole consideration money, and received from the master a deed of the premises, dated 29th January, 1824, the day of the sale. On the first of February the defendant paid his rent to Brinckerhoff, after notice from the plaintiff that he claimed it.

*Anthon*, for defendant, insisted that the plaintiff's title did not accrue, under the circumstances of this case, until the 5th February, when the deed was delivered; that, until that day, it was an escrow in the hands of the master, and that, therefore, Brinckerhoff was entitled to receive the rent. And to this opinion the court inclined.

*Griffen*, for plaintiff, then contended that the deed related back to the time of the sale, and cited *Jackson, ex dem. Noah* v. *Dickenson*, 15 Johns. 309.

BETTS, J. Upon more mature consideration, I am of opinion that the plaintiff's title commenced by relation on the 29th January, 1824, and consequently that he is entitled to the rent in controversy ; the defendant's payment to Brinckerhoff, being after notice, was in his own wrong. The chancellor has ruled the same way, under the statute, in relation to executions, that the purchaser, who receives a deed pursuant to the sheriff's certificate, has a title in like manner by relation from the time of the sale.(1)

Verdict for plaintiff.

*Griffen*, for plaintiff.

*Anthon*, for defendant.

(1) *Vide Jackson* v. *Bull*, 1 Johns. Cases, 81; and *Jackson* v. *Raymond*, ib. 85, in notes.